**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **JONATHAN V. GONZALEZ,** ) | **Case No. CV 15-8197-DDP(AJW)** |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **MEMORANDUM AND ORDER** |
| ) | **DISMISSING PETITION** |
| **M.D. BITTER, Warden,** ) | **WITHOUT PREJUDICE** |
| ) | **AND WITH LEAVE TO AMEND** |
| **Respondent.** ) | |
| ) | |

On October 20, 2015, petitioner filed a document entitled "Notice for Motion for Stay and Abeyance." Petitioner seeks an order staying his petition for a writ of habeas corpus pending his exhaustion of state remedies. [Motion at 1]. Liberally construing the document as a petition for a writ of habeas corpus, it is subject to summary dismissal.

The petition fails to provide essential information – such as the conviction petitioner seeks to challenge and where that conviction occurred. It also fails to allege any claims for relief.

Although the Court has discretion to stay a mixed petition (containing both exhausted and unexhausted claims) to allow the petitioner to exhaust his state remedies, *see* <u>Rhines v. Webber</u>, 544

1 U.S. 269, 277-278 (2005), it does not have discretion to stay a

2 petition containing only unexhausted claims. <u>Raspberry v. Garcia</u>, 448

3 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines

4 that a habeas petition contains only unexhausted claims, it need not

5 inquire further as to the petitioner's intentions. Instead, it may

6 simply dismiss the habeas petition for failure to exhaust."); <u>Lara v.</u>

7 <u>Warden</u>, 2013 WL 5522262, at *1 (C.D. Cal. Oct. 3, 2013) (stating that

8 a federal court cannot stay a completely unexhausted petition).

9 Because the petition does neither includes claim for relief nor

10 indicates that any such claim has been exhausted, the Court cannot

11 determine whether a stay is appropriate.

12     For these reasons, the petition is dismissed without prejudice

13 and with leave to amend. Petitioner shall have twenty-eight (28) days

14 from the date of this order within which to file an amended habeas

15 petition <u>on the forms provided by the clerk</u>. The amended petition

16 shall bear case number CV 15-8197-DDP(AJW) and shall set forth each of

17 petitioner's claims for relief. It also shall indicate which claims

18 have been presented to the California Supreme Court and which have

19 not. At the time he files his petition, petitioner also may file a

20 motion to stay the petition pending exhaustion of state remedies.

21     Petitioner is cautioned that failure to timely comply with this

22 order will result in dismissal of this action without prejudice.

23 **It is so ordered.**

24

25 Dated: <u>November 4, 2015</u>

26                                 _____
                                   Andrew J. Wistrich
27                                 United States Magistrate Judge

28